MARY B. BRAUER AND CASPAR BRAUER, EXECUTORS, ESTATE OF PAUL BRAUER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 730.   Promulgated March 22, 1927.

1. DEDUCTIONS.—An annual payment made by the taxpayer to his sister, pursuant to the terms of an agreement, *held* not to be an allowable deduction from gross income.

2. COMPENSATION OF OFFICERS.—An officer of a corporation receiving compensation in an amount in excess of the reasonable compensation allowed as a deduction to the corporation may nevertheless be liable to income tax upon the amount so received.

3. EXHAUSTION OF LEASE.—Deduction of an amount equivalent to the March 1, 1913, value of a leasehold prorated over the term allowed.

*Herman A. Fischer, Jr., Esq.,* for the petitioners.
*John W. Fisher, Esq.,* for the respondent.

This action seeks a redetermination of deficiencies in income taxes for the years 1919 and 1920, aggregating $15,122.92, proposed to be assessed against Paul Brauer, since deceased, and petitioners allege errors as follows:

(1) That the Commissioner included in income in each of the years the entire net profit from rentals from a certain leasehold, without deducting in each year a certain amount paid to Marie Brauer, his sister, due to an alleged life interest in the leasehold.

(2) That the Commissioner included in income as compensation in each of the years the amount of $10,000, received from the Schick-Johnson Co., a corporation, of which the decedent was a stockholder and officer, after disallowing deductions by that company of the said amounts as a bonus or additional salary for the decedent's services.

The petitioners have been granted leave to file an amended petition wherein, for the first time, they set up a claim for a deduction on account of the exhaustion of the leasehold.

FINDINGS OF FACT.

The petitioners are the executors of the estate of the taxpayer, Paul Brauer, who died January 15, 1924. The taxpayer will be hereinafter referred to as the decedent.

On May 1, 1904, the decedent entered into a 99-year lease from the Equitable Trust Co., as trustee under the last will of John D. Jennings, for the premises known as Nos. 229 and 231 South State Street, Chicago, Ill. The stipulated annual rental was $20,000 for the first fifteen years, ending April 30, 1919; $22,500 for the next ten years, ending April 30, 1929; and $25,000 for the remaining term of the lease, ending April 30, 2003. For several years the decedent and his sister, Marie Brauer, operated a restaurant on the said premises, which business was discontinued on May 1, 1912.

On August 12, 1911, the decedent entered into a lease with The Hub, a corporation, whereby The Hub, the sublessee of the above-described premises, was to enter into possession on May 1, 1912. This sublease provided that the annual rental to be paid to Paul Brauer, lessor, be $30,000 for the first five years ending April 30, 1917; $32,500 for the next twelve years, ending April 30, 1929; and $35,000 for the remaining term of the sublease, ending April 30, 2003.

Some time during the month of May, 1912, the decedent made an oral agreement with his sister Marie to pay her $2,000 annually, from that time until her death. Under date of October 20, 1917, the decedent wrote the following letter to his sister Marie:

DEAR SISTER:

I am writing this letter that I may have a record among my papers and that you may have evidence of our agreement made in May, 1912, at the time we disposed of the State Street business.

At that time I agreed, and I now renew the agreement, to pay you an annuity of $2,000 per year in equal monthly installments beginning with the month of May, 1912, and continuing until the time of your death. My intention and custom have been to pay this out of the proceeds of the income from my leasehold interest in the State Street business. This payment is made to you as part of our settlement for services rendered in the State Street business and for your proportionate interest under our working agreement.

In my will which I have recently revised, I am providing for the payment to you of an annuity of $2,000 per year as long as you live. In making this provision I am intending to take care of the agreement above mentioned, and accordingly this agreement is not to be provable as a claim against my estate unless the will fails to be effective or for any other reason you prefer to rely on the claim and to surrender the provision in the will.

If the foregoing is acceptable to you, will you kindly indicate it by signing a copy of this letter?

Very truly yours,

(Signed)          PAUL BRAUER.

Accepted:

(Signed)          MARIE BRAUER.

The payments were made in accordance with the agreement and the decedent paid to his sister Marie $2,000 in each of the years here in question. These payments were made out of the proceeds of the income from his leasehold interest in the above-described premises.

The decedent was an officer and stockholder of the Schick-Johnson Co. The decedent received from the said company as a bonus for services rendered the sum of $20,200.48 for the year 1919, and the sum of $30,000 for the year 1920. In his audit of the said company's income-tax returns for 1919 and 1920, the Commissioner disallowed a deduction in each of the years of $10,000 of said amounts because they were deemed excessive as compensation.

During the year 1919 the decedent turned in to the Schick-Johnson Co., 542 shares of its stock, which had cost him $11.21 per share.

The decedent had never claimed a deduction in his income-tax returns for the exhaustion of his leasehold interest. The March 1, 1913, value of the leasehold was $166,967, and from that date it had a term of 90 years and 2 months to run. The annual deduction for the exhaustion of the decedent's leasehold should be $1,851.08.

## OPINION.

TRUSSELL: In accordance with the terms of the aforesaid letter, the decedent paid his sister $2,000 annually and has claimed a deduction of that amount from his income on the ground that the $2,000 represents the sister's life interest in the leasehold. The record fails to disclose that Marie Brauer had any interest whatever in the original lease executed in 1904 in which the decedent was named the lessee. There is nothing in the record to show that the decedent transferred to Marie Brauer any interest in the original lease or in the sublease executed in 1912. The $2,000 annual payments were made in part settlement for her services rendered in the restaurant business and under some working agreement between the parties, but as to that, no evidence has been submitted. It would appear from the record that these payments were made for her services rendered prior to May 1, 1912, and for the purchase of whatever interest she held in the restaurant business which had been conducted by the decedent and his sister under a working agreement and which business was discontinued to enable the decedent to sublease the premises. On this issue the determination of the Commissioner in disallowing a deduction of the $2,000 in each of the years 1919 and 1920 must be approved.

The decedent has claimed a deduction of $10,000 in each of the years 1919 and 1920, on the ground that the Commissioner disallowed the deduction of those amounts by the Schick-Johnson Co. as excessive

compensation and taxed the company thereon. The decedent received those two amounts of $10,000 each as a part of a bonus or additional salary for each of the years and they were income in the years in which received. It is immaterial as to what action the Commissioner took as regards the Schick-Johnson Co., for that determination by the Commissioner is not before the Board in this proceeding and that corporation and this petitioner are separate entities. In the case of *Hayner* v. *United States*, 62 Ct. Cls. 189, the court said in its opinion:

It is admitted that the plaintiff received as salary $13,195.79 and returned it as such for taxation. It does not appear that he has returned or has been called upon to return, any of it to the company. Although the Treasury Department held that a part of the sum paid him should be accounted for by the company as a dividend, this does not alter the fact that plaintiff received it as salary. Having received it as salary, he was called upon to account for it as such in his return.

The record does not disclose that there was any connection between the bonuses received and the decedent's return of certain stock to the company during 1919. As to this issue, the determination of the Commissioner must be approved.

The decedent was entitled to a deduction for exhaustion of his leasehold interest and we have found as a fact that this deduction should be in the amount of $1,851.08 in each of the years 1919 and 1920.

> *Order of redetermination will be entered in accordance with the above decision upon 20 days' notice, under Rule 50.*